(92· Misc. Rep. 405)

DOELGER et al. v. CHELSEA EXCHANGE BANK.

(Supreme Court, Appellate Term, First Department.   November 23, 1915.)

COURTS ⚫≈190—MUNICIPAL COURTS—REVIEW OF PROCEEDINGS—RULE OF SU-
PREME COURT.
    Under Rule 3 of the Rules of Practice for the Hearing of Appeals from
the Municipal Courts, providing that the appellant or his attorney must,
within 2 days after notice that the stenographer's minutes are on file, pro-
cure the case to be settled on a written notice of at least 3 days, where
the appellant from judgment of a Municipal Court, on November 12, 1913,
served notice of settlement of the case on appeal, returnable November
27th, 15 days later, such notice of settlement was not a compliance with
the rule, and the appeal will be dismissed on motion.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. ⚫≈190.]

Action by Charles A. Doelger and others against the Chelsea Ex-
change Bank.   Judgment for plaintiffs, and defendant appeals.   On
motion by plaintiffs to dismiss.   Motion granted.

Argued November Term, 1915, before LEHMAN, BIJUR, and
FINCH, JJ.

Shaw, Fisk & Shaw, of New York City, for appellant.
Joseph L. Frieder, of New York City, for respondents.

PER CURIAM.   The appeal in this case was taken on October
23, 1915, and the appellant ordered the minutes, which were duly
filed by the stenographer.   On November 12, 1915, the appellant serv-
ed a notice of settlement of the case on appeal, returnable on Novem-
ber 27th, a period of 15 days from the date of service.   Thereupon
the respondent on November 15th served a notice of settlement re-
turnable on November 19th.   This notice the appellant returned upon
the ground that there is "no provision or justification in the statutes
or court rules for a notice of settlement of proposed case on appeal
to be served by the respondent or his attorney."   The respondent now
moves to dismiss the appeal.

Rule 3 of the Rules of Practice for the Hearing of Appeals from
the Municipal Courts provides that the appellant or his attorney must,
within 2 days after receipt of the notice that the stenographer's min-
utes are on file, procure the case to be settled on a written notice "of
at least 3 days."   The appellant claims that he has complied with
this rule by giving a notice of 15 days.   Literally this is true; but
the object of the rule is clear, and that is to compel the return to
be expeditiously and promptly filed in this court.   While we have not
intended to specify any precise day on which the notice must be
returnable, and have provided ample notice to the respondent, it was
not intended that the rule should be abused, and the settlement of
the case unreasonably delayed, and especially when the notice, if
observed, has the effect of putting the case over a term.   Nor is there
any good reason shown, certainly no statute or rule is violated, by
allowing the respondent to serve a notice of settlement when he knows
that the minutes are on file.

⚫≈For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Motion to dismiss granted, with $10 costs, unless the appellant causes the return to be filed on or before December 1st, provided the respondent accept one day's notice of settlement. Appellant to file briefs on or before December 4th. Respondent to file and serve briefs on or before December 7th.