JULIUS BLUM & Co., Respondent, *v.* AMIRON SUPPLY Co., INC., Appellant.

(Supreme Court, Appellate Term, First Department, May, 1918.)

Case — on appeal — motions and orders — Municipal Court of city of New York — rules.

Nowhere by the rules of the Appellate Term or by the Municipal Court Code is the appellant from a judgment from

the Municipal Court of the city of New York required to "make a case," and an order made by a justice of said court declaring that the appellant waived his right to "make a case" is unauthorized.

MOTION to dismiss an appeal from the Municipal Court of the city of New York, fifth district, borough of Manhattan.

Martin Gollubier, for appellant.

Paskus, Gordon & Hyman, for respondent.

*Per Curiam.* The respondent moves for an order herein dismissing the appeal and bases his application upon an order made by a justice of the Municipal Court, declaring that the appellant has waived his right to "make a case," claiming authority to make such an order by virtue of the provisions of rule 33 of the General Rules of Practice and rule 3 of the Appellate Term Rules. In neither of those rules is there support for the order. Rule 3 of the Appellate Term Rules confers upon the Appellate Term, alone, the right to dismiss an appeal for failure to comply with its provisions, which are those provided in section 161 of the Municipal Court Code, and that rule gives the Appellate Term the sole power to extend the time in which to file the return and the Municipal Court has no power given it by that rule.

Neither is rule 33 of the General Rules of Practice applicable to the Municipal Court.

That rule provides what may be done when the appellant fails to "make a case" within the time prescribed by rule 32 of the General Rules of Practice, and states the effect of failing to propose amendments thereto or to notify an appearance before the justice or referee for the purpose of settling the same.

Nowhere in the rules of the Appellate Term or in the Municipal Court Code is the appellant from a judgment of the Municipal Court required to " make a case." The several steps set forth in section 161 of the Municipal Court Code and rule 3 of the Appellate Term Rules are those necessary to be taken in order to prepare the return upon appeal to be filed in the appellate court.

The several steps are to be taken by the appellant in conjunction with the stenographer, the clerk of that court, and the trial justice. It is true that after the stenographer's minutes are filed the appellant must serve a notice of settlement, or the respondent may do so (*Doelger* v. *Chelsea Exchange Bank,* 92 Misc. Rep. 405), and upon the return day of such notice either party may propose amendments and the trial justice passes upon them, after which the clerk makes up the return and causes it to be filed in the clerk's office of the Appellate Term, but rule 33, *supra,* has no application to a failure to comply with each or all of those required steps and applies only to appeals where a case is to be made as required by rule 32 of the General Rules of Practice. All the authorities cited by the respondent are actions in the City Court where cases are to be made as provided in rule 32, *supra.*

The order of the lower court was without authority and the motion must be denied.

Present: LEHMAN, PENDLETON and FINCH, JJ.

Motion denied.